CASE No. 874.

STATE v. McNINCH.

1. A refusal by the Circuit judge to grant a continuance in a criminal case, is not appealable.
2. A rule issued by the Court of General Sessions against a defendant under indictment in that court, and his sureties, to show cause why their recognizance should not be estreated, is not appealable.

Before ALDRICH, J., Laurens, February, 1879.

McNinch, Irby and Blackwell, were jointly indicted for murder. A severance was ordered, and McNinch was separately arraigned, tried and convicted. See 12 *S. C.* 89. The state then elected to proceed with the trial of Irby, who was out on bail, and thereupon his counsel moved for a continuance. Pending the discussion of this motion, the solicitor moved that the defendant be called, and urged that a motion for continuance could not be heard unless the defendant was in the power of the court instead of the custody of his bail. The court so ruled. The accused was called, but did not answer. At the same term of the court, a rule to show cause was issued against the defendant and his bail.

From the refusal to grant a continuance, and from the rule to show cause, the defendant, Irby, appealed.

*Messrs. Pope, Baxter* and *Caldwell,* for appellant.

*Mr. Solicitor Ball,* contra.

May 10th, 1880. The opinion of the court was delivered by

WILLARD, C. J. The first objection made by the appeal is that the Circuit judge refused a motion for a continuance on a ground alleged to be erroneous. The case was in the Court of General Sessions upon an indictment for murder. The motion for a continuance is one addressed purely to the discretion of the

Circuit judge, and his decision on such motion is not subject to review in this court, even though his mind, in coming to this conclusion, may have been influenced by an erroneous view of the law. We cannot regard the alleged error of law before us for consideration.

The appellant has brought before us for reversal an order to show cause granted by the Circuit Court against the defendant, and his sureties, why his bond should not be estreated. The rule to show cause is in the nature of process to compel a party to answer to some matter cognizable before the court issuing it, and is presumed to be issued *ex parte.* Either of these circumstances are sufficient to preclude an appeal to this court as they show conclusively that no action of the Circuit Court prejudicial to the minds of the defence of the party called up to answer has been taken.

The appeal must be dismissed but without prejudice to the rights of the appellants to appear and answer to the rule in the Court of General Sessions.

McIver and McGowan, A. J.'s, concurred.